# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 19-CR-382 (KBJ)** |
| | : | |
| v. | : | |
| | : | |
| **RYAN COOPER,** | : | |
| Defendant. | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum to assist the Court in issuing an appropriate sentence in this case. For the reasons set forth herein, the government recommends that the Court sentence the defendant to a term of incarceration of 72 months (6 years) to be followed by 120 months (19 years) of supervised release, with the conditions recommended by United States Office of Probation. Additionally, the defendant is required by statute to register as a sex offender. In support of this memorandum and recommendation, the government relies on the following points and authorities, and such other points and authorities that may be cited at the sentencing hearing.

## I. BACKGROUND

### A. Statement of Offense

Between the dates of June 16, 2018 and July 22, 2018, the defendant, Ryan Cooper, using the screen/user name of "finestrawfucking," posted on his Tumblr[1] blog, which had a URL of

---

1. Tumblr is a microblogging platform and social networking website. The service allows users to post multimedia – photos, videos, texts, quotes, links, music – and other content to a short-form blog. Users can "follow" other users' blogs. Many Tumblr blogs are public, but users can make their blogs private. User blogs and their content are maintained on servers owned and/or operated by Tumblr.

"finestrawfucking.tumblr.com," nineteen images depicting child pornography. The images were focused on the children's genitals, buttocks, or anal areas. The defendant accessed Tumblr from an IP address of 73.87.241.90, which resolved to his home address.

On July 23, 2018, Tumblr alerted the National Center for Missing and Exploited Children ("NCMEC") to the posts made by the defendant, and NCMEC alerted law enforcement. A member of the Metropolitan Police Department/Federal Bureau of Investigation Child Exploitation and Human Trafficking Task Force ("CEHTTF") viewed the defendant's blog post, as well as comments from other users who had viewed or commented on the post.

Between September 16, 2018 and October 25, 2018, the defendant used a second Tumblr account bearing screen name "ANNYOINGUNADULTERATEDADULTDREAMLAND" to again post images of child pornography on his assigned website/blog, which had a URL of "annoyinglyunadulterateddreamland.tumblr.com." The defendant did so from his same home IP address of 73.87.241.90. During this time period, the defendant posted a total of twenty-six files depicting pre-pubescent male children who were in some state of undress or completely nude. The boys depicted in the images all had light hair, and the majority of the images were focused on the boys' genitals, buttocks, or anal areas. Three of the images depicted minor male children sucking on erect penises.

On October 17, 2018, Tumblr alerted the NCMEC that the user of the Tumbler account "annoyinglyunadulterateddreamland.tumblr.com," later identified by the CEHTTF as the defendant, had posted the above-described child pornography. NCMEC alerted law enforcement.

Once the CEHTTF identified the defendant as the owner of the Tumblr accounst "finestrawfucking" and "annoyinglyunadulterateddreamland.tumblr.com," the CEHTTF obtained

a search warrant from the United States District Court for the District of Columbia for the defendant's residence at 1332 Belmont Street, Northwest, #301, in Washington, D.C., where the IP address used by the defendant to post the images of child pornography to Tumblr was registered.

Members of the CEHTTF executed the search warrant on February 19, 2019. The defendant was residing in the home at the time of execution of the search warrant. During the execution of the search warrant, members of the CEHTTF conducted a voluntary, non-custodial interview of the defendant. The defendant stated that he had resided at the home for several years, and that he had only stayed outside of the home from late 2017 until February 2018 due to work. The defendant provided his phone number and other identifying information tied to the above Tumblr accounts, though he claimed he did not remember using Tumblr or the last time he used Tumblr.

Several electronic devices were located in the defendant's bedroom and seized as evidence to be searched. Among these devices were a black Apple iPhone X and a silver Apple MacBook Pro. Once these devices were taken into evidence, a Special Agent at the United States Attorney's Office conducted preliminary forensic examinations of the contents of each of the above devices. The black Apple iPhone X recovered from the defendant's bedroom had a phone number of (978) 210-9996, which had been associated with the defendant's Tumblr account. Forensic examination revealed that the defendant had used that to access the Tumblr account "finestrawfucking" described above.

The Silver Apple Macbook Pro recovered from the defendant's bedroom was also used to visit the Tumblr website, including the Tumblr URL "finestrawfucking.tumblr.com." A search of the device's web history also led to the identification of numerous images of child

pornography that had been viewed by accessing user accounts on Tumblr. These images of child pornography were accessed on, among other user accounts, the defendant's account of finestrawfucking.Tumblr.com.

The defendant maintained a folder on the desktop of his device named "Untitled Folder." This folder contained hundreds of images and videos of child pornography, totaling over 600 images under the United States Sentencing Guidelines. The images and videos depicted primarily male children, ranging in age from pre-pubescent to teenaged, engaged in sexually explicit acts. Among the images and videos of child pornography were depictions of sadomasochism, including sexually explicit images depicting bondage of young children. The following videos are examples of those in the "Untitled Folder":

- A video depicting a fully nude, pre-pubescent male squatting over top of a plastic water bottle; the child squats down and forces the top of into his anus.

- A video depicting a pre-pubescent male laying on a couch with an adult male. The child and adult remove their clothes, and then penetrate each other's mouths with their penises at the same time.

- A video depicting two fully nude minors, one of which is pre-pubescent, engaged in oral and anal sex with each other. The pre-pubescent boy is observed being penetrated anally and orally by the older boy's penis.

Also included among the images located on the defendant's computer were the same images that had been posted to Tumblr via the URLs identified by Tumblr, "finestrawfucking' and "annoyingunadulterateddreamland."

On June 5, 2019, the CEHTTF received a return on a search warrant for the contents of the defendant's Tumblr accounts. Contained therein were hundreds of images and videos

4

depicting child pornography, including images depicting prepubescent minors engaged in sexually explicit conduct.

**B.   Procedural Posture**

In November 2019, the Defendant agreed to plead guilty to a single count of distribution of child pornography, and the Government subsequently filed an Information on November 15, 2019 charging him with that sole count. A plea hearing was set for February 4, 2020 for the Defendant to formally enter into that plea. A hearing took place on February 4, 2020 during which the Defendant signaled his willingness to enter into a plea, but that hearing was converted to a status hearing, and the plea was not entered at that time. Rather, the case was set for a combined plea agreement hearing and sentencing hearing on April 4, 2020. That combined hearing was continued several times inter alia due to the ongoing COVID-19 pandemic, and is now set for March 11, 2021 before your Honor.

## II.   SENTENCING CALCULATION

### A. Statutory Penalties

The offense of Distribution of Child Pornography, in violation 18 U.S.C. § 2252(a)(2), carries a mandatory-minimum prison sentence of 5 years and a maximum sentence of 20 years imprisonment, a maximum fine of $250,000, and a term of supervised release of not less than five years and up to life pursuant to 18 U.S.C. § 3583. See Presentence Investigation Report filed May 12, 2020 (ECF 17) ("PSR") ¶¶ 4, 134, 140.  Pursuant to 18 U.S.C. § 3013(a)(2)(A), the defendant must pay a mandatory special assessment fee of $100 for each felony conviction payable to the Clerk of the United States District Court for the District of Columbia. See PSR ¶ 153.  The defendant must also register as a sex offender pursuant to 18 U.S.C. § 2250 and 34 U.S.C. §§ 20911(3), and  20915(a)(2).

### B. Sentencing Guidelines Range

The parties agree that the applicable Estimated Guidelines Range is 151 to 188 months incarceration. See PSR ¶¶ 136, 137. The base offense level is 22 pursuant to U.S.S.G. § 2G2.2(a)(2). The parties agree that several specific offense characteristics apply: the offense involved a prepubescent minor or minors under the age of 12 (+2); the offense involved the knowing distribution of child pornography (+2); the offense involved depictions of sadistic and/or masochistic conduct (+4); the offense involved the use of a computer or an interactive computer service (+2)); and the offense involved at least 600 images (+5). See id.

The defendant is entitled to a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Id. The government requests that the defendant's level be decreased by an additional point pursuant to § 3E1.1(b), as the defendant timely notified authorities of his intention to enter a guilty plea and thus permitted the government and the Court to preserve resources. Id. With these adjustments, the defendant's total offense level is 34.

The defendant has a total criminal history score of zero points. According to the sentencing table in U.S.S.G. Chapter 5, Part A, a criminal history score of zero establishes a criminal history category of I. With a total offense level of 34 and a criminal history category of I, the defendant's recommended guideline sentencing range is 151 to 188 months, and a supervised release range of 5 years to life, and an effective fine range of $35,000 to $250,000. PSR. ¶¶ 136, 137. This offense also carries a mandatory minimum term of incarceration of 60 months.

### III.   GOVERNMENT'S RECOMMENDATION

A.      **Application of the Federal Sentencing Guidelines**

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). As a consequence, the Court invalidated the statutory provision that made the Guidelines mandatory, 18 U.S.C. § 3553(b)(1). Booker, 125 S. Ct. at 756.

In post-Booker cases, the Supreme Court has stated that a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. See United States v. Gall, 552 U.S. 38, 49 (2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.") After giving both parties an opportunity to argue for an appropriate sentence, the district court should then consider all of the applicable factors set forth in 18 U.S.C. § 3553(a). Id. These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. § 3553(a)(1)); the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment (18 U.S.C. § 3553(a)(2)); the kinds of sentences available (18 U.S.C. § 3553(a)(3)); the Sentencing Guidelines and related Sentencing Commission policy statements (18 U.S.C. § 3553(a)(4) and (a)(5)); the need to avoid unwarranted sentencing disparities (18 U.S.C. § 3553(a)(6)); and the need to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7)).

B.      **Basis for the Government's Recommendation**

Given the particular circumstances of this case, the government submits that a sentence of 72 months incarceration, to be followed by 10 years supervised release, and the specific conditions of supervision recommended by the United States Office of Probation, is appropriate and warranted based on the factors outlined in 18 U.S.C. § 3553(a). The recommended sentence, which is below the estimated sentencing guideline range, is sufficient, but not greater than necessary to accomplish the purposes of sentencing. Given the serious nature of the Defendant's conduct in this case and his risk to the community, balanced against his particular circumstances, lack of criminal history, attempt to aid the Government, and early acceptance of responsibility, the government believes this is an appropriate sentence.

1. **Nature and Circumstances of the Offense**

The defendant's distribution of child pornography is a serious, violent offense, and not just because of Congress' designation of it as such and imposition of a five-year mandatory minimum term of incarceration. As many courts have recognized, "[It is an] undeniable fact that real children are actually being abused and violated when pornographic images are made. Without a market for such images, and without a strong appetite for more and more images exhibited by [defendant] and similarly situated defendants, there would be far fewer children who are injured and criminally assaulted in this way." United States v. Miller, 665 F.3d 114, 123 (5th Cir. 2011).

The defendant shared images of pre-pubescent children being sexually exploited. And he did so by posting them on a website/blog wherein it could be easily accessed by the general public, including both adults and children. He did not merely do so on one occasion. Rather, it he did so on multiple occasions over at least a four month period and posted dozens of child pornography images in this way.

8

Moreover, the additional child pornography images and videos found on the Defendant's electronic devices and on his Tumblr' account contained particularly disturbing content and extensive number in each location strongly suggest that he had been engaged in this unlawful behavior for significantly longer than 4 months.

At the moment these children in these videos and other similar images and videos were filmed, they were being treated at best as sexualized objects and at worst being horrifically and repeatedly sexually abused. The abuse of child pornography victims does not end, however, when the physical contact or production of images or videos is over. The abuse and harm go on as long as those images and videos are viewed, traded, collected, and used by offenders for sexual gratification. In this age, victims of child pornography must attempt to cope with the knowledge that the worst moments of their young lives are forever memorialized and available to child pornography consumers. Individuals—like the defendant—who receive, seek, view, keep, trade, distribute, and use child pornography for their own sexual gratification are part of the illicit market for child pornography, which continually re-victimizes the children in already-existing images and videos and promotes the victimization of even more children for new images and videos.

**2. Defendant's History and Characteristics**

The Government notes that the Defendant has no criminal history, and this was certainly a consideration in the Government's recommended sentence herein. However, as the Court is well aware, a lack of criminal history is common in child pornography case and often does not tell the whole story. Defendants in these cases often possess positive characteristics and carry on a "normal" life a manner that obscures the danger they present. Likewise, the electronic-based

nature of their criminal offense often allows them to more easily evade detection and engage in criminal behavior for a longer period than is reflected in their criminal history.

The defendant appears to fit this mold. As discussed supra, even though the defendant had no criminal history, the evidence in this case suggests that he was engaged in criminal behavior regarding child pornography for a substantial period of time prior to his detection or arrest.

The defendant did meet with and attempt to aid the Government, acknowledge guilt at the time of his arrest, and plead guilty at an early stage of the litigation. These considerations were also taken into account in the Government's recommend sentence herein.

Finally, the Government notes that the Defendant has made statements and taken actions on release that demonstrate that he is acknowledging responsibility and seeking to address his apparent addiction, and this too was taken into account by the Government. However, the Government notes that these efforts took place after he his criminal behavior was discovered but prior to plea/sentencing and that pre-trial is not monitoring (and cannot monitor or determine) whether he is presently viewing or accessing or viewing child pornography while on release.

**3. Punishment, Deterrence, Protection, and Correction**

The sentencing court "shall impose a sentence sufficient, but not greater than necessary" to comply with the need for a sentence: "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The government's recommended sentence is sufficient, but not greater than necessary, to provide just punishment for the defendant's offenses. The defendant's distribution of child pornography is harmful to society at large, as well as the specific child victims, and warrants a substantial sentence of imprisonment. As a matter of general deterrence, a sentence of incarceration signals that trafficking in child pornography represents a serious crime that cannot be tolerated. As a matter of specific deterrence, a prison sentence is appropriate and necessary to deter the defendant from committing future child exploitation crimes.

As to the specific term of 72 months incarceration recommended, the Government believes that this is an appropriate sentence on balance. On the one hand, the defendant has many aspects of his history and characteristics (discussed *supra*) that support leniency. On the other hand, the repeated distribution and large quantities of child pornography (including sadistic and masochistic images involved) warrants more than the minimal sentence.

Furthermore, a term of 10 years supervised release, with specific conditions recommended by the probation office, is crucial to ensuring that the defendant receives the treatment and support he needs to make further attempts to ensure that he does not commit similar offenses in the future.

**4. Available Sentences**

The defendant should be sentenced to a term of incarceration, as he is ineligible for probation because it is expressly precluded by the statute. According to the PSR, the defendant does not appear to have the ability to pay a fine. See PSR ¶ 102. In addition, the court should impose a term of supervised release to ensure that the defendant does not re-offend. The conditions of supervised release should include: sex offender evaluation and treatment, restrictions on direct contact with minors, and monitoring of the defendant's use of the Internet,

computers, and any other Internet-capable devices as well as any other special conditions recommended by the United States Office of Probation in the PSR and at sentencing.

## CONCLUSION

WHEREFORE, for all of the reasons set forth herein, the government recommends that the Court sentence the defendant to a term of imprisonment of 72 months, to be followed by 10 years of supervised release, with the recommended conditions of supervision. The defendant is further required by statute to register as a sex offender.

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY

_____/s/_____
Nicholas Miranda
Assistant United States Attorney
D.C. Bar 995769
555 4th Street, N.W., Room 4-233
Washington, D.C. 20530
(202) 252-7011
Nicholas.Miranda@usdoj.gov